# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

**PAMELA MOSES**

    **Plaintiff,**

v.                                                **Docket No.:** _____
                                                    **Jury Demands**

**STATE OF TENNESSEE; STEVE MULROY,**
**In his individual and official capacity as the**
**District Attorney General; AMY WEIRICH,**
**In her individual capacity**

    **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiff, Pamela Moses by and through counsel, and files this Complaint. This action arises from acts of individual and systemic misconduct by the State of Tennessee District Attorney General's Office, District Attorney, Steve Mulroy and its supervisors and officers, including but not limited to former District Attorney General Amy Weirich, which proximately caused the injuries to Plaintiff. This action arises under federal law 42 U.S.C. § 1983 for false arrest and/or reckless and malicious prosecution in violation of the Fourth and Fourteenth Amendment of the United States Constitution In support of this complaint, Plaintiff states as follows:

## (I)
## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 for false arrest and/or reckless and malicious prosecution in violation of the Fourth and Fourteenth Amendment of the United States Constitution.

2. The Plaintiff respectfully reserves the right to further amend this pleading as future discovery might dictate.

## (II)
## PARTIES

3. The Plaintiff, PAMELA MOSES (hereinafter "Plaintiff"), an African American female, is a United States citizen and a resident of Memphis, Tennessee.

## (III)
## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 42 U.S.C. § 1983, and this action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth amendments to the United States Constitution. This Court also has concurrent jurisdiction for any action arising out of the Tennessee's Government Tort Liability Act, the Common Law of Tennessee, and other applicable laws.

5. Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391(b) as all Defendants reside in this district and all relevant events too place in this district.

## (IV)
## FACTS

6. Plaintiff is an African American woman born on October 5, 1977.

7. Plaintiff is the founder and CEO of Black Lives Matter – Memphis Chapter (BLMM).

8. Plaintiff is a graduate of the University of Tennessee at Knoxville, and received a Master's degree in Intercultural Studies from Union University.

9. Plaintiff is a mother and human rights activist who advocates for racial inequality and promotes equity and historical neighborhood preservation for her community.

10. Through Plaintiff's activism she is a powerful voice for her community seeking to dismantle systemic corruption and racism in Memphis, Tennessee.

11. Plaintiff is also a community organizer who promotes non-violent social justice, she currently serves as the District 7 Shelby County Democratic Executive Committee Chairwoman, and North Memphis Ambassador of the United States Human Rights Network.

12. Plaintiff has developed several BLMM initiatives for change, including the #DONTTOUCHMYVOTE campaign aimed at overcoming legal barriers at the state and local levels that prevent African Americans from exercising their right to vote. This campaign gave individuals a chance to reach out to family and friends to educate each other on the existing voting restoration process and promote the importance of the Black vote.

13. On July 31, 2000, Plaintiff was convicted of aggravated assault, a class C felony in Knox County, Tennessee. As a result, Plaintiff received a three-year sentence.

14. Due to Plaintiff's conviction, she was found infamous and lost her rights of citizenship, including her right to vote.

15. Pursuant to T.C.A. § 40-20-114, a person convicted on a loses the right to run for office in addition to their voting rights.

16. On November 4, 2021, Plaintiff was found guilty by a jury for a Class D felony of making or consenting to false entries on official registration or election documents in violation of T.C.A. § 2-19-109 after she was erroneously provided with a certificate by a Shelby County corrections department official that her probation period had ended. Plaintiff, at the time, was a 44 year old mother of two and community activist. Plaintiff denied all charges and drew national attention to her case.

17. On January 31, 2022, in the Criminal Court of Shelby County, Tennessee, for the Thirteenth Judicial District at Memphis Division IX, entered a written Sentencing Order sentencing Plaintiff to six years in prison.

18. At the time of the filing of this Complaint, Plaintiff is still unable to vote, even though both the Department of Corrections and Shelby County Election Commission have acknowledged that they calculated the sentencing expiration incorrectly.

19. In 2017, Plaintiff led an effort that called for the resignation of District Attorney Amy Weirich, who was the prosecutor in Plaintiff's 2019 criminal case.

20. In 2019, the stewards of the court approved and completed Plaintiff's certificate of rights restoration, certifying that her probation had ended and reinstating her full voting privileges. Plaintiff then applied for voter registration with the Shelby County Elections Committee, which application was approved.

21. Following the direction of the stewards of the court and the Shelby County Elections Committee Plaintiff rightfully believed that her voting rights were properly restored.

22. At no time did Plaintiff falsify any documents related to the restoration of her voting rights. Rather, Plaintiff followed the instructions of the stewards of the court.

23. Both the Shelby County Criminal Court and the State Probation office recognized and signed the certificate of restoration of voting rights form.

24. Plaintiff was overjoyed to be able to vote again in the upcoming elections.

25. Despite Plaintiff's representations and the actions of both the Shelby County Criminal Court and the State Probation Office, Defendants nevertheless alleged that Plaintiff had unlawfully convinced the State Probation office that her rights were restored.

26. Defendants wrongfully accused Plaintiff of fraudulently obtaining the certification of restoration of voting rights.

27. However, Plaintiff played no role in obtaining the certificate of restoration of her voting rights.

28. Plaintiff is informed and believes that the Manager Billington, steward of the court, made a mistake in issuing her a certificate of restoration of her voting rights.

29. Thereafter, Plaintiff was criminalized, demoralized, and punished for the errors of the state itself.

30. Plaintiff did not forge the certificate of restoration of voting rights.

31. Defendants knew that the certificate of restoration of voting rights was a result of the Shelby County Election Commission's mistake.

32. As a result, Plaintiff was wrongfully convicted, and her life was placed on pause while she fought to prove she had no involvement in the mistakes of the Shelby County Election Commission.

33. On February 25, 2022, Plaintiff's counsel filed a Second Amended Motion for Judgment of Acquittal or in the Alternative Motion for New Trial in Plaintiff's criminal case *State of Tennessee v. Pamela Moses,* Case No. 19-06482. Plaintiff's motion alleged a Brady violation because the State failed to provide the defense an email from Joe S. Williams with regard to an internal investigation by the Department of Corrections of the incident for which Ms. Moses was convicted. The Court also ruled that "Said document was discoverable by the defense under Tenn.R.Crim.P. 16(a)(1)(F) as well as under the dictates of *Brady v. Maryland,* 373 U.S. 83 (1963)." Furthermore, although the Assistant District Attorney who handled the case for the State indicated that he had not seen the

documents, *Brady* and Rule 16 are applicable regardless of the good faith of the prosecution. Additionally, under *Brady* and Rule 16, the prosecution is responsible for knowing what is contained in all state agency files and is held strictly liable for failure to disclose even when it has no actual knowledge of the existence of the information.

34. On April 22, 2022, Plaintiff finally received the justice she deserved when Defendants dismissed Plaintiff's illegal registration charges.

35. Plaintiff suffered severe emotional distress, anxiety, mental anguish, embarrassment, and harassment as a result of Defendants' actions.

## (V)
## CAUSES OF ACTION

36. Plaintiff reasserts and incorporates all previous paragraphs into each subsequent Count.

37. Each enumerated count also incorporates all allegations of all other counts.

### COUNT ONE:

### Violation of U.S.C. § 1983 for Reckless and Malicious Prosecution against Amy Weirich in her Individual Capacity

38. Plaintiff reiterates and incorporates the previous paragraphs as if fully set forth in this Count.

39. In the present case, District Attorney General, Amy Weirich acting under color of state law, aided in the decision to charge and prosecute Plaintiff for a Class D felony of making or consenting to false entries on official registration or election documents in violation of T.C.A. § 2-19-109.

40. Plaintiff is informed and believes that Defendant Amy Weirich knowingly withheld evidence which contains information that was not addressed during trial and that would have exonerated Plaintiff.

41. On September 5, 2019, an email was written by a senior corrections department official, Mr. Joe Shannon Williams, after an internal investigation into the matter. This email acknowledged that it was a mistake of Manager Billington. Manager Billington was the steward who signed off on Plaintiff's voter registration application in 2019, certifying that her probation had ended and her voting privileges were reinstated.

42. Defendant Amy Weirich, continued to prosecute Plaintiff for a Class D felony of making or consenting to false entries on official registration or election documents in violation of T.C.A. § 2-19-109.

43. Defendant Amy Weirich intentionally and maliciously made the decision to continue to prosecute Plaintiff after September 5, 2019, with information that Plaintiff did not falsify any voting records or documents, but that there was a mistake on the part of the steward of the Court and Manager Billington.

44. The above referenced decision making shows that Defendant Amy Weirich failed to disclose pertinent information and acted with a reckless disregard which led to the unlawful prosecution and deprivation of liberty of Plaintiff.

45. The charges were dismissed against Plaintiff. On April 22, 2022, the Office of the District Attorney General issued a letter indicating the Plaintiff will not be tried a second time on the felon charge of illegally registering to vote.

46. The conduct and action of Defendant Amy Weirich, in her individual capacity, constitutes a reckless and malicious prosecution which ultimately violated Plaintiff's rights under the United States Constitution.

47. As a result, Plaintiff suffered mental anguish, emotional distress, stress, anxiety, embarrassment, humiliation and demoralization. Plaintiff also spent a total of 82 days in custody.

## COUNT TWO:

**Violation of *42 U.S.C. § 1983* for Reckless and Malicious Prosecution Against the State of Tennessee for its Customs, Policies, and Practices**

48. Plaintiff reiterates and incorporates the previous paragraphs as if fully set forth in this Count.

49. As alleged above, Defendant Amy Weirich violated the rights of Plaintiff secured by the Fourth and Fourteenth Amendment of the U.S. Constitution by recklessly and maliciously prosecuting Plaintiff, despite clear evidence that Plaintiff did not fraudulently falsified voting registration documents. Specifically, Defendant State of Tennessee, enacted policies and customs that were deliberately indifferent to and therefore caused the violation of Plaintiff's constitutional rights.

50. Defendant State of Tennessee, acting by and through its policymakers, officers, and agents with deliberate indifference, implemented customs and policies, and authorized, approved or knowingly acquiesced in the unconstitutional conduct of Defendant Amy Weirich who violated the above-described constitutional rights of Plaintiff. These policies and customs directly and proximately caused the above referenced constitutional rights violation resulting in Plaintiff's reckless and malicious prosecution.

51. Defendant State of Tennessee, acting by and through their policymakers, officers, and agents with deliberate indifference, failed to properly hire and train its agents and employees with respect to their responsibilities in ensuring that they do not recklessly and

maliciously prosecute individuals, which directly and proximately caused the above-described constitutional rights violations.

52. By failing to properly hire and train its agents and employees with respect to their responsibilities in ensuring that they do not recklessly and maliciously prosecute individuals, by enforcing unwritten policies or customs of reckless and malicious prosecution with deliberate indifference to the violation of an individual's constitutional rights, and by the implementation and enforcement of municipal customs or policies, the Defendant State of Tennessee acted as the moving force behind the misconduct of the individual Defendant in this matter and is ultimately responsible for the violation of Plaintiff's rights under the United States Constitution.

## COUNT THREE:

**Violation of *Bivens v. Six Unknown Named Agents,* 430 U.S. 388 (1971) for Reckless and Malicious Prosecution Against the State of Tennessee for its Customs, Policies, and Practices**

53. Plaintiff reiterates and incorporates the previous paragraphs as if fully set forth in this Count.

54. As alleged above, Plaintiff was deprived of her rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution when Defendant State of Tennessee and Defendant Amy Weirich recklessly and maliciously prosecuted Plaintiff, despite clear evidence that Plaintiff did not fraudulently falsify voting registration documents. Specifically, Defendant State of Tennessee engaged in at least one *Brady* violation in failing to disclose an email within its possession and control from Joe S. Williams with regard to an internal investigation by the Department of Corrections of the incident for which Ms. Moses was convicted.

55. Defendant State of Tennessee was thereby responsible for knowing what is contained in all state agency files and is held strictly liable for its failure to disclose even when it has no actual knowledge of the existence of the information.

56. The deprivation of Plaintiff's rights secured under the Fourth and Fourteenth Amendment of the U.S. Constitution was caused by the State of Tennessee acting under color of law when it failed to either locate and disclose the information and email to Plaintiff or her counsel during the pendency of her criminal trial.

57. As a result, Plaintiff suffered mental anguish, emotional distress, stress, anxiety, embarrassment, humiliation and demoralization. Plaintiff also spent a total of 82 days in custody.

## VI. DAMAGES

58. Plaintiff has suffered damages including, but not limited to, compensatory damages for financial, physical, and emotional harms proximately caused by the wrongful conduct of Defendants.

59. Plaintiff suffered loss of job/wages, impairment of reputation, personal humiliation, mental anguish, and suffering direly and proximately caused by the Defendants' conduct.

60. In the preceding criminal matter, Plaintiff spent 82 days in custody after being recklessly and maliciously prosecuted. Furthermore, Plaintiff's reckless and malicious prosecution lasted for about five months. During this time, Plaintiff suffered great injury, including loss of her liberty while being falsely detained, the loss of her employment and wages, great mental anguish and emotional distress, personal humiliation, and damage to her reputation.

61. Plaintiff's harm and suffering was directly and proximately caused by the Defendants' conduct. For these reasons, Plaintiff submits that compensatory and punitive damages are appropriate in this matter.

## VII. PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully demands as follows:

1. That process issues to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants, jointly and severally, on all causes of action asserted herein.

3. That Plaintiff be awarded damages to which it may appear she is entitled by the proof submitted in this cause for physical and mental pain and suffering, both past and future, in an amount to be determined by the jury.

4. That Plaintiff be awarded both compensatory and punitive damages against the Defendants.

5. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c) and any other applicable state or federal law.

6. That the Plaintiff receive any further and general relief to which the justice of this cause may require.

7. Pre- and post-judgment interest as permitted by law.

8. A jury for the trial of this matter for all issues so triable.

Respectfully submitted,

By:   _/s/ Carlos E. Moore_____
**CARLOS E. MOORE, TN# 028649**

**Attorney for Plaintiff**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902
(662) 227-9940 (Telephone)
(662) 227-9941 (Fax)
Email: cmoore@cochranfirm.com