IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-02720-JPM-atc |
| | ) | |
| AMY WEIRICH, in her individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT AMY WEIRICH'S MOTION TO DISMISS**

Before the Court is Defendant Amy Weirich's ("Defendant's" or "Ms. Weirich's") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 42.)  Defendant argues that Plaintiff Pamela Moses ("Plaintiff" or "Ms. Moses") failed to state a claim upon which relief can be granted in her Amended Complaint.  (Id., see also ECF No. 42-1 at PageID 174.)  For the reasons set forth below, Plaintiff's Motion to Dismiss is **GRANTED**.

I.      **BACKGROUND**

   A. *Facts Alleged in the Amended Complaint*

This case arises from 2021 prosecution of Plaintiff for the Class D felony of "making or consenting to false entries on official registration or election documents."  (ECF No. 40 at PageID 145); see also T.C.A. § 2-19-109.  Defendant was the District Attorney for the Thirtieth Judicial

District at Memphis at the time of Plaintiff's prosecution. (Id. ¶ 4.)

On July 31, 2000, Plaintiff was convicted of a Class C felony in Knox County, Tennessee, and lost her right to vote pursuant to T.C.A. § 40-20-114. (Id. ¶¶ 14-16.) Plaintiff alleges that in 2019, "stewards of the court approved and completed Plaintiff's certificate of rights restoration, certifying her probation had ended and reinstating her full voting privileges." (Id. ¶ 143). Plaintiff then applied and was approved for voter registration with the Shelby County Elections Committee. (Id. ¶ 21.) Plaintiff alleges that both the Shelby County Criminal Court and the State Probation Office "recognized and signed the certificate of restoration of voting rights form." (Id. ¶ 24.) Plaintiff was subsequently prosecuted for the Class D felony of "making or consenting to false entries on official registration" or election documents in violation of T.C.A. § 2-19-109, and was found guilty by a jury on November 21, 2021. (Id. ¶ 17.) Plaintiff was sentenced to a prison term of six years. (Id. ¶ 18.) Plaintiff successfully moved for a Judgement of Acquittal on her false entries conviction in 2022, based on alleged Brady violations. (Id. ¶ 35); see also State of Tennessee v. Pamela Moses, Case No. 19-06482.

The Brady violation allegedly arose from non-disclosure of an email from senior corrections department official Joe Shannon Williams, written on September 5, 2019. (ECF No. 40 ¶¶ 31, 35.) According to the Amended Complaint, the email referenced an internal investigation into the issuance of Plaintiff's rights restoration certificate and "acknowledged that [the issuance] was a mistake of Manager Billington . . . the steward who signed off on Plaintiff's voter registration application in 2019. . ." (Id. ¶ 32.) According to the Amended Complaint, the Shelby County Election Commission was alerted of Manager Billington's error on September 4, 2019, by a letter from then-acting Assistant Commissioner Lisa Helton describing Manager Billington's mistake. (Id. ¶ 30.) The Amended Complaint alleges that, despite knowing that a certificate of voting rights

2

restoration was issued in error by Manager Billington, "Defendant Amy Weirich intentionally and maliciously made the decision to continue to prosecute[,] . . . failed to disclose pertinent information[,] and acted with reckless disregard which led to the unlawful prosecution and deprivation of liberty of Plaintiff." (Id. ¶¶ 45, 46.) The Amended Complaint implies that this malicious prosecution was motivated by personal animus, stating that "[i]n 2017, Plaintiff [had] led an effort that called for [Defendant's] resignation. . ." (Id. ¶ 20.)

   B. *Procedural Background*

Plaintiff filed her original Complaint for malicious prosecution and false arrest on October 21, 2022. (ECF No. 1.) The Complaint named Defendants Amy Weirich, the State of Tennessee and Steve Mulroy, who at the time of the original Complaint had replaced Defendant Weirich as Attorney General for the Western District of Tennessee. (Id.) On May 12, 2023, the State of Tennessee filed a Motion to Dismiss for Failure to State a Claim, arguing that the claims against it were barred by sovereign immunity. (ECF No. 19.) Defendant Amy Weirich filed her first Moton to Dismiss for Failure to State a Claim on May 31, 2023, arguing that claims against her were barred by prosecutorial immunity. (ECF No. 25.) The case was transferred to this Court on June 14, 2023. (ECF No. 27.) On June 28, 2023, Defendant Steve Mulroy filed his Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. (ECF No. 31.) Plaintiff filed a "Notice of Voluntary Nonsuit" against Mulroy on July 19, 2023, and the Court dismissed the claims against him on July 20, 2023. (ECF Nos. 38-39.) Plaintiff filed the Amended Complaint on August 14, 2023, naming Amy Weirich as the sole Defendant. (ECF No. 40.) On September 8, 2024, the Court ordered Plaintiff to show cause why the State of Tennessee should not be dismissed, given the Amended Complaint. (ECF No. 44.) Plaintiff did not respond, and the State of Tennessee was dismissed on September 15, 2023. (ECF No. 46.)

Defendant filed the instant Motion to Dismiss for Failure to State a Claim on August 24, 2023. (ECF No. 42.) Plaintiff filed a Response in Opposition on September 7, 2023. (ECF No. 43.) Defendant filed a Response in Support on September 12, 2023. (ECF No. 45.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss complaints that "fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests whether the plaintiff has pled a cognizable claim not barred by law and allows the court to dismiss cases which could lead to unnecessary discovery or expenditure of finite resources. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

4

A complaint need not contain detailed factual allegations.  Twombly, 550 U.S. at 570.  A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery."  Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).  A court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

"A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity."  Howell v. Sanders, 668 F.3d 344, 350 (6th Cir. 2012) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  Even "a prosecutor who maliciously institutes a false prosecution with no probable cause is entitled to absolute immunity[.]"  Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 274 & n. 5 (1993)). Prosecutors may be liable for actions which fall outside their "role as an advocate intimately associated with the judicial phase of the criminal process."  Id. (citing Ireland v. Tunis, 113 F.3d 1435, 1443 (6th Cir. 1997)).  A prosecutor "does not act as an advocate if [they are] merely 'advising the police in the investigative phase of a criminal case.'"  Id. at 251 (quoting Burns v. Reed, 500 U.S. 478, 493 (1991).

### III. ANALYSIS

Defendant argues that the claims against her in the Amended Complaint are barred by absolute prosecutorial immunity.  (ECF No. 42.)  Defendant argues that because state prosecutors are absolutely immune from civil liability under 42 U.S.C. § 1983 "for actions falling within the

scope of their prosecutorial duties," and because decisions on when to prosecute, and what evidence to produce, are within the scope of prosecutorial duties, prosecutorial immunity applies. (ECF No. 42-1.)

Plaintiff argues that Defendant should not be protected by prosecutorial immunity because Defendant engaged in investigative work and "failed to conduct an adequate investigation in her investigatory role," actions that Plaintiff contends fell outside of Defendant's prosecutorial role. (ECF No. 43 at PageID 186.) Plaintiff argues that she therefore "has sufficiently pled facts demonstrating that Defendant Weirich is not entitled to prosecutorial immunity." (Id. at PageID 183.) Plaintiff also argues, citing the Second Circuit Court of Appeals, that "prosecutors are not immune from 42 U.S.C.S. § 1983 liability for their non-advocacy conduct if the Plaintiff can prove that indictment and trial would not have occurred in the absence of the product of wrongful conduct." (Id. at PageID 187 (citing Zahrey v. Coffey, 221 F.3d 342 (2nd Cir. 2000).)

Many of Plaintiff's arguments incorporate factual assertions not alleged in the Amended Complaint, either explicitly or through implication. The Court therefore first addresses the factual allegations and claims from the Amended Complaint, then considers whether the additional facts alleged in Plaintiff's Response weigh in favor of granting informally requested leave to amend.

A.  *Claims As Alleged in the Amended Complaint*

The Amended Complaint as currently written cannot survive a 12(b)(6) challenge. Plaintiff's sole cause of action against Ms. Weirich, according to the Amended Complaint, is a § 1983 claim of malicious or reckless prosecution. Section 1983 malicious prosecution claims "encompass[] investigation, prosecution, conviction, and incarceration." Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010). The Amended Complaint, however, only alleges that Ms. Weirich "made the decision to continue to prosecute" Plaintiff, and that she "knowingly withheld

6

evidence." (ECF No. 40 at PageID 146.)[1] The Amended Complaint does not reference or imply that Defendant was involved in the investigation of Manager Billington. (See generally ECF No. 40.) Prosecutors are absolutely immune from § 1983 liability for all actions within their role as advocate for the state, including decisions on whether to bring or continue bringing prosecution, and decisions on using or withholding particular evidence. Imbler v. Pachtman, 424 U.S. 409, 428 (1976). "Prosecutors maintain their immunity when intentionally failing to disclose exculpatory evidence." Price v. Montgomery Cty., Kentucky, 72 F.4th 711 (6th Cir. 2023) (citing Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2010)). "[A] prosecutor who maliciously institutes a false prosecution with no probable cause is [still] entitled to absolute immunity[.]" Howell, 668 F.3d at 350 (citing Buckley, 509 U.S. at 274 & n. 5). Plaintiff therefore has not made a claim on which relief can be granted in her Amended Complaint, since all claims would be barred by prosecutorial immunity given the facts alleged.

Plaintiff cites Watkins v. Healy, 986 F.3d 648 (6th Cir. 2021) in support of the proposition that "'deliberate suppression' of exculpatory evidence can go 'beyond the scope of the duties

---

[1] Indeed, Ms. Weirich is mentioned only nine times in the Amended Complaint after naming of parties, in all but one cases in reference to the decision to either continue prosecution or withhold evidence. (ECF No. 40.)] The exception mentions that Plaintiff led an effort calling for Weirich's resignation in 2017. (Id. ¶ 20.) For ease of reference, the nine statements which reference Ms. Weirich are as follows: "In 2017, Plaintiff led an effort that called for the resignation of Defendant Weirich, who was the prosecutor in Plaintiff's 2019 criminal case." (Id.). "Despite Plaintiff's representations and the actions of both the Shelby County Criminal Court and State Probation Office, Defendant Weirich nevertheless alleged that Plaintiff had unlawfully convinced the State Probation office that her rights were restored. Defendant Weirich wrongfully accused Plaintiff of fraudulently obtaining the certification of her voting rights." (Id. ¶¶ 26-27.) "Defendant Weirich knew that the certificate of restoration was a result of the Shelby County Election Commission's mistake." (Id. ¶ 33.) "District Attorney General, Amy Weirich, acting under color of state law, aided in the decision to charge and prosecute Plaintiff for a Class D felony. . ." (Id. ¶ 41.) "Defendant Amy Weirich knowingly withheld evidence which contains information that was not addressed during trial and would have exonerated Plaintiff." (Id. ¶ 42.) "Defendant Amy Weirich, continued to prosecute Plaintiff. . ." (Id. ¶ 44.) "Defendant Amy Weirich intentionally and maliciously made the decision to continue to prosecute Plaintiff after September 5, 2019, with information that Plaintiff did not falsify any voting records or documents, but that there was a mistake on the part of the steward of the Court or Manager Billington." (Id. ¶ 45.) "Defendant Amy Weirich failed to disclose pertinent information and acted with a reckless disregard which led to the unlawful prosecution and deprivation of liberty of Plaintiff." (Id. ¶ 46.) "The conduct and action of Defendant Amy Weirich, in her individual capacity, constitutes a reckless and malicious prosecution which ultimately violated Plaintiff's rights under the United States Constitution." (Id. ¶ 48.)

constituting an integral part of the judicial process.'" (ECF No. 43 at PageID 190 (citing Watkins, 986 F.3d at 665).) The language Plaintiff quotes from Watkins is itself a quote from Hillard v. Williams, 465 F.2d 1212 (6th Cir. 1982), which was vacated and reconsidered after the Supreme Court decided Imbler. See Watkins, 986 F.3d at 665-66. While the Sixth Circuit reincorporated that language into its precedent through Watkins in light of Buckley, it applied that language not to decisions to charge or to withhold exculpatory evidence during prosecution, but to wrongful acts "inside, or right outside, [a suspect's] interrogation room," during investigation and prior to a probable cause hearing. Watkins, 986 F.3d at 663, 666. The Sixth Circuit Court of Appeals held that "[p]rosecutors who supervise and participate in unconstitutional interrogations of a criminal suspect are not entitled to absolute immunity." Id. at 662 (quoting Wendrow v. Mich. Dep't of Human Servs., 534 F. App'x 516, 527 (6th Cir. 2013)). Here, Plaintiff alleges that Defendant aided in the decision to charge, and withheld exculpatory evidence, but does not allege in the Amended Complaint that Ms. Weirich engaged in the investigative phase "deliberate suppression" at issue in Watkins. Watkins therefore does not provide supportive precedent for Plaintiff's claims.

Plaintiff also argues that Defendant Weirich is properly named in her individual capacity, citing cases applying absolute and qualified immunity to testifying witnesses and police officers. (ECF No. 43 at PageID 188-89 (citing Albright v. Oliver, 510 U.S. 266 (1994); Thacker v. City of Columbus, 328 F.3d 244; Spurlock v. Satterfield, 167 F.3d 994 (6th Cir. 1999)).) Plaintiff quotes several portions of Spurlock, using brackets to substitute "prosecutor" for "police officer." (See, e.g., ECF No. 43 at PageID 189). This substitution is inappropriate. The bounds of absolute immunity for witnesses and qualified immunity for police officers are substantively different than those of prosecutorial immunity. Compare Spurlock, 167 F.3d at 1001-03 (discussing application of and standards for absolute and qualified immunity for testifying police officer) with Imbler, 424

U.S. at 427-29 (discussing the broad scope of prosecutorial immunity). Since absolute prosecutorial immunity "defeats the suit at the outset," and the facts in the Amended Complaint only support claims barred by prosecutorial immunity, there is no claim under which relief can be granted against Ms. Weirich in an individual capacity. See Cady v. Arenac County, 574 F.3d 334, 342 (6th Cir. 2009).

B. *Additional Facts and Claims Alleged in Briefs*

At the close of Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff writes that "in the event that the Court grants the Defendant's [M]otion to [D]ismiss, the Plaintiff respectfully requests that the Court grant . . . leave to amend the Complaint." (ECF No. 43 at PageID 190.) "[A]n informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." Gonzalez v. Kovacs, 687 F. App'x 466, 470 (6th Cir. 2017). District courts may deny a Plaintiff's informal request for leave to amend when they "neither moved formally to amend nor proffered proposed amended complaint." United States ex rel. Owsley v. Fazzi Assocs., Inc., 16 F.4th 192, 197 (6th Cir. 2021). In her Response to the instant Motion to Dismiss, Plaintiff alleges additional facts that she asserts support claims against Defendant Weirich. These additional facts do not change the survival probability of the Amended Complaint, and therefore indicate that granting leave to amend would be futile. See Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020) ("As a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.'"); Fed. R. Civ. P. 15(a)(2) (leave to amend should be given freely, absent futility); Georgalis v. Facebook, Inc., 324 F.Supp. 955, 961-62 (N.D. Ohio 2018) ("A motion for leave to amend . . . may be denied on futility grounds if the amended complaint could not withstand a motion to dismiss.") (citing Midkiff v. Adams Cty. Reg'l Water Dist., 409 F.3d 758, 767 (6th Cir. 2005) (quoting Martin v. Associated Truck Lines,

9

Inc., 801 F.2d 246, 249 (6th Cir. 1986)). Futility can be determined based on the content of motions, even in the absence of a proposed amended complaint. Georgialis, 324 F.Supp. at 962.

Here, no additional fact alleged in the Response leads to a claim that could survive a 12(b)(6) Motion to Dismiss. Plaintiff simultaneously argues that Defendant's investigatory behavior is the cause of the harm to Plaintiff, and that Defendant's failure to investigate is the cause of harm to Plaintiff. (Compare ECF No. 43 at PageID 187 with Id. at PageID 185-86.) Neither factual allegation would support a non-futile Motion to Amend.

If—as alleged in Plaintiff's Response but not in the Amended Complaint—Defendant was involved in the decision to launch an internal investigation, that conduct may be outside the scope of the prosecutorial role, but would not have caused the harms for which Plaintiff seeks redress. In order to prevail on a § 1983 claim, Plaintiff must prove that "1) she was deprived of a right secured by the Constitution or laws of the United States and 2) that [she] was subjected or caused to be subjected to this deprivation by a person acting under color of state law." Ellison v. Knox County, 157 F.Supp.3d 718 (E.D. Tenn. 2016) (quoting Gregory v. Shelby Cty., Tenn., 220 F.3d 433, 441 (6th Cir. 2000)). Even if Defendant Weirich caused the investigation, the internal investigation did not subject or cause Ms. Moses' deprivation: her criminal prosecution did. Instead, the internal investigation revealed exculpatory information, which was allegedly kept from Plaintiff in her criminal case by Ms. Weirich, conduct that—while wrongful—falls within the scope of prosecutorial immunity. See supra Section III.A. While the same actor may have ordered both the investigation and the suppression of the fruits of that investigation, the causal chain is broken by the alleged wrongful suppression. The investigation could not have been the cause of Ms. Moses' deprivation when the results of that investigation were both exculpatory and suppressed. Because Plaintiff's allegation that Defendant wrongfully launched an internal

investigation would not support a finding that Defendant caused the alleged deprivation through conduct not covered by prosecutorial immunity, this allegation does not state a claim upon which relief can be granted.

Nor would the investigation itself qualify as malicious prosecution. While Plaintiff argues that "Defendant Weirich engaged in investigatory work by beginning an internal investigation and subsequently discovering Manager Billington's mistake," she also states that "Defendant Weirich did not begin judicial proceedings against Plaintiff until two months after the internal investigation was completed. . ." (ECF No. 43 at PageID 186.)  Treating the internal investigation as a separate proceeding, it cannot meet the standard for malicious prosecution. Malicious prosecution requires: 1) a criminal prosecution initiated against the plaintiff where defendant made, influenced, or participated in the decision to prosecute; 2) a lack of probable cause for the criminal prosecution; 3) the plaintiff suffer a deprivation of liberty apart from the initial seizure and 4) the criminal proceeding be resolved in the plaintiff's favor. King v. Harwood, 952 F.3d 568, 582-83 (6th Cir. 2017).  An internal investigation is not a criminal prosecution, was not initiated against Plaintiff, and could not have caused a deprivation of liberty, given that its findings resulted in Plaintiff's exculpation.   As such, even analyzed as an individual malicious prosecution claim, this fact does not support a claim on which relief can be granted.

Finally, the factual allegation that Defendant Weirich "failed to conduct a thorough investigation because she refused to look through records and verify that Plaintiff was in fact provided with a 'Restoration of Voting Rights Form'" does not support a claim under which relief can be granted.  (ECF No. 43 at PageID 188.)  These factual claims contradict other facts alleged in the briefings, and in the Amended Complaint: Ms. Weirich cannot have both been unaware at the time of trial that Ms. Moses was issued a Restoration of Voting Rights Form and known that

11

the Restoration of Rights Form was mistakenly issued by Manager Billington.  (Id. at PageID 185, 188; ECF No. 40 ¶ 33 ("Defendant Weirich knew that the certificate of restoration was a result of the Shelby County Election Commission's mistake.")  A plaintiff "pleads [them]self out of court when it would be necessary to contradict the complaint in order to prevail on the merits."  Hivner v. Active Electric, Inc., 878 F.Supp.2d 897, 905 (S.D. Ohio 2012) (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008)); See also Cate v. Crystal Clear Technologies, LLC, 874 F.3d 530, 536-37 (6th Cir. 2017) (contradictions amongst allegations, and between allegations and written exhibit, foreclose plaintiffs' claims); Williams v. CitiMortgage, Inc., 498 F. App'x 532, 536 (6th Cir. 2012) (citing In re Livent, Inc. Noteholders Secs. Litig., 151 F.Supp.2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that . . . are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely. . .")).  Since this factual allegation is contradicted by the statements in the Amended Complaint, it is unstable grounds for a claim on which relief can be granted, and its addition to an Second Amended Complaint would therefore be futile.

Since no fact alleged in Plaintiff's Response leads to a claim that could survive a 12(b)(6) Motion to Dismiss, leave to amend would likely be futile even if a Motion for Leave to Amend were properly entered.  Given that the additional facts alleged in briefings would not support any § 1983 claim of malicious prosecution that would overcome barrier of absolute prosecutorial immunity, and that Plaintiff's informal request without proffered amended complaint is included despite prior amendments, further leave to amend is denied.  See United States ex rel Owsley v. Fazzi Assocs., Inc., 16 F.4th 192, 197 (6th Cir. 2021).

**IV.    CONCLUSION**